JACOB FOLTA, ADMINISTRATOR OF THE ESTATE OF ANNA FOLTA (ALSO KNOWN AS ANNA FULTON), DECEASED, PLAINTIFF-APPELLANT, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, DEFENDANT-RESPONDENT.

Submitted October 12, 1934—Decided January 18, 1935.

Before Brogan, Chief Justice, and Justices Parker and Bodine.

For the appellant, *Jacob I. Polkowitz.*

For the respondent, *R. E. & A. D. Watson.*

The opinion of the court was delivered by

Parker, J. The suit is on two policies of insurance of $250 each carrying double indemnity in case of accidental death, naming plaintiff's intestate, Anna Folta (also known as Anna Fulton), as the insured. The policies were payable primarily to the executors or administrators of the insured. All premiums were paid and there is no question of invalidity of the policies or of the liability of the company thereon at the death of the insured. The defense made was that the policies contained a clause authorizing the company to pay the loss "to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial, or for any other purpose." The clause is a familiar one in industrial policies and habitually used for such purposes as the payment of funeral expenses and possibly hospital and medical bills, &c. The payment was not to any claimant of this kind. It was made to a woman named Mary Bonk, who was not a relative by blood or connection by marriage, of the insured. The facts as stipulated show that Mary Bonk's husband's half-brother had married a daughter of the deceased. Certainly this established no relationship by blood,

and we are clear that it is entirely too remote to give Mary Bonk the status of a connection by marriage of the insured. The question then would be whether she was properly considered as equitably entitled by reason of having incurred expense on behalf of the insured for her burial or for any other purpose. There was nothing to show that she had incurred any expense for the burial nor to show that she had incurred any expense whatever, except that she had paid the premiums on the policies since they had been taken out. There is a considerable similarity between the name of this Mary Bonk, to whom payment was made, and a woman named Meri Bonk, who was a daughter of the deceased. The first lived in Perth Amboy in the same house as deceased. The second, the daughter, lived in the Bronx. However, no question of fraud is raised in the case and it was decided below, and must be decided here, upon the proper construction and application of the equitable payment clause.

The facts are that Mary Bonk of Perth Amboy lived in the same house as the deceased; that she arranged for the taking out of the policies and paid the premiums thereon out of her own pocket for about three years. As we have said, she was no relative by blood or connection by marriage; she did not claim that the deceased had asked her to take out the policies or pay the premiums; hence she could not be considered a creditor. We incline to think that she had no insurable interest, but as that question usually arises in connection with the status of a beneficiary named in the policy it need not be considered further here, because Mary Bonk was not named as a beneficiary, and the question is not as to her rights, but as to the reserve privilege of the company to make payment under the facility clause. As we have said, she is not a relative by blood or a connection by marriage. When we come to the phrase which reads "any person appearing to the said company to be equitably entitled by reason of having incurred expense on behalf of the insured for her burial or for any other purpose," it seems clear that Mary Bonk is not within this language. It appears without dispute that Mary Bonk procured the issuance of the policies and that they

were in her possession until she surrendered them to the company in exchange for a check for the loss, and she paid the premiums thereon. The company claimed, and the court sustained the claim, that the company was entitled to consider Mary Bonk under these circumstances as equitably entitled to the proceeds of a policy made payable to the executor or administrator of the deceased as beneficiary. We are unable to take this view of the matter and conclude that the judgment must be reversed.

This result makes it unnecessary to consider another phase of the case, which is that the policy carried a double liability in case of death by accident and that there was proof of such death. The company paid merely the face of the policies. The trial judge seems to have held that if Mary Bonk was satisfied to accept that amount, the present appellant could not be heard to complain. As this point is not necessary to a decision, we content ourselves with noting it without deciding it.

The judgment will be reversed.